IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-256-DRH |
| | ) |
| GREGORY C. SCHWARTZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and monetary relief for alleged violations of his Eighth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 	(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> 	(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

The fact allegations of Plaintiff's complaint consists of 14 separately numbered sentences. Because of it's brevity, the Court will repeat the fact allegations of the complaint which are alleged to have occurred while Plaintiff was confined at Pinckneyville Correctional Center. The allegations are as follows:

> (1) On 7-8-09 Plaintiff was assaulted by Defendant (Harris 12083) struck on right forearm with food tray.
>
> (2) On 7-8-09 Plaintiff was struck on wrist with handcuffs by Defendant (Hoffman).
>
> (3) On 7-8-09 Plaintiff was assaulted on camera by T.A.C.T Team (Defendants).
>
> (4) On 7-9-09 thru my institutional transfer Plaintiff was denied medical attention.
>
> (5) On 7-9-09 Plaintiff was denied meal by Flowers (Defendant).

(6) From 7-8-09 until 7-10-09 Plaintiff was denied clothing, periodicals, hygiene, religious material, etc.

(7) 7-8-09 until 7-12-09 I went without sink or toilet water to flush but twice in every 24 hours.

(8) On 7-8-09 Plaintiff was denied medical attention by Defendant Nurse Amy escorting T.A.C.T. Team Assistance.

(9) Correctional Officer Fernandez (Defendant) told Plaintiff James he would assist Plaintiff in killing himself.

(10) Defendant Jack refused to help Plaintiff with medical needs or water.

(11) Defendants Mudd, Crawford, Bowles, Hicks, Sanders, Sroka, Williams, Johnson, P. Johnson, McElyea, D. Crawford, Phillips, Scholott, Pierce, [and] James all knew of the conditions under which Plaintiff had to suffer and all refuse to help immediately.

(12) 7-8-09 through 7-12-09 Plaintiff went without water.

(13) Plaintiff suffered bruises to lip, face, wrist, ribs, back [and] psychological.

(14) I believe that this would be a violation of Plaintiff's 8th [and] 14th amendment rights or add up to as a whole.

**DISCUSSION**

The instant complaint appears to to run afoul of Rule 20 of the Federal Rules of Civil Procedure. Rule 20(a) permits Plaintiff to join multiple defendants in one action "if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . if any question of law or fact common to all defendant will arise in the action." Rule 20 applies to *pro se* prisoner civil complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004).

Turning to the instant complaint, the applications of force alleged in sentences (1), (2), and

3

(3) of the complaint appear to be separate and unrelated to one another. Each of these applications of force appear to have been committed by a different defendant (or defendants). While all three instances occurred on the same day (July 9, 2009), there are simply not enough facts alleged in the complaint for this Court to determine that these three uses of force against Plaintiff "arose out of the same transaction, occurrence, or series of transaction or occurrences."

Even if these three allegations concerning the use of force were sufficiently related on one another to remain in the same complaint under Rule 20, the allegations concerning Plaintiff's conditions of confinement (sentences (5), (6), and (7)) do not appear to sufficiently related to the use of force allegations (sentences (1), (2), and (3)) so as to remain in the same complaint with them under Rule 20.

The same appears to be true of Plaintiff's allegations that he has been denied adequate medical care (sentences (4), (8), and (10)).

Violations of Rule 20 are usually remedied by severing the unrelated counts into a separate action or actions. This assumes, however, that the Court can confidently re-group the allegations into clearly defined counts and sever them into new cases. In the typical case, a prisoner's complaint contains enough fact allegations that the Court can determine that claims against different defendants are unrelated. In this case, however, Plaintiff's fact allegations are so sparse that the Court cannot be assured that there is, in fact, an insufficient connection between them for purposes of Rule 20. For example, it is not unusual in a prison "excessive use of force" case that a prisoner's physical confrontation with "Guard A" escalates into a physical confrontation with "Guard B" or, even, "Guard C." Such an escalation would seem to satisfy Rule 20 so that a prisoner's claims against "Guard A," "Guard B," and "Guard C" could proceed in one complaint. Perhaps this is the case here

and, if so, severance would not be required. Principles of judicial economy suggest that this Court should not sever an action into separate suits only to find out later that severance was not necessary or required. Likewise, severance of claims should not occur piecemeal occurring only as the cases progresses. Therefore, Plaintiff will be directed to file an amended complaint.

Also before the Court is Plaintiff's motion to appoint counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff has wholly failed to state what steps he has taken, if any, to obtain counsel on his own. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 3) will be denied without prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Plaintiff shall file an amended complaint. If, in his amended complaint, Plaintiff seeks relief against multiple defendants, then Plaintiff shall allege sufficient facts indicating that "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," Rule 20(a)(2)(A) of the Federal Rules of Civil Procedure, and that "any question of law or fact common to all defendant will arise in the action." Rule 20(a)(2)(B) of the Federal Rules of Civil Procedure. Additionally, the amended complaint should also assert sufficient facts clearly demonstrating that each named as

a defendant in the complaint is personally and directly liable for the alleged violations of Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint complying with this Court's Memorandum and Order within the time specified herein, then Plaintiff's complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: October 18, 2010.

                                                                        David R. Herndon
                                                                        2010.10.18 16:10:43
                                                                        -05'00'

                                                                       **DISTRICT JUDGE**